**APPEAL NUMBER:** 25-11320-JJ

---

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

RICARDO DAVIS, et al.

Plaintiff,

- against -

DAVID WORLEY, et al.

Defendants

On Appeal From The United States District Court

For The Northern District Of Georgia

No. 1:17-cv-02989-AT

---

**APPELLANT'S OPENING BRIEF**

---

David Edward Oles, Sr.
Law Offices of David E Oles
5755 North Point Parkway, Ste. 25
Alpharetta, GA 30022
(770) 753-9995
firm@deoleslaw.com

ATTORNEY FOR APPELLANT
RICARDO DAVIS

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE
DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, the following is an alphabetical list of the trial

judge, attorneys, persons, firms, partnerships and corporations with any known

interest in the outcome of this appeal:

1.      Abney, Russell T.: Counsel for Amicus Electronic Privacy
Information Center.

2.      Abrams for Governor: Objector in the underlying case.

3.      Adams, Kimberly M. Esmond: Fulton Superior Court, Judge.

4.      Alan Butler: Counsel for Amicus Electronic Privacy Information
Center.

5.      Altshuler Berzon, LLP: Counsel for Amici Common Cause and
Protect Democracy.

6.      American Civil Liberties Union: Former counsel for Plaintiffs-
Appellants, terminated on 1/08/2021.

7.      Anderson, Kimberly K.: Former counsel for Defendants-Appellees,
terminated on 12/6/2019.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

8.    Andreu-von Euw, Christian Gabriel: Counsel for Plaintiffs-
Appellants.

9.    Aiken, Fred: Former defendant in the underlying case, terminated on
6/13/2018.

10.    Ardoin, R. Kyle: Former Movant in the underlying case in his official
capacity as Louisiana Secretary of State, terminated on 1/10/2022.

11.    Ascarrunz, Veronica: Former counsel for Plaintiffs-Appellants,
terminated on 12/1/2022.

12.    Babcock, Charles L.: Former counsel for former intervenor Fox News
Network, LLC, terminated on 7/5/2022.

13.    Baconton Missionary Baptist Church, Inc.: Objector in the underlying
case.

14.    Balli, James A.: Former counsel for Defendants-Appellees, terminated
on 11/17/2022.

15.    Balli-Law LLC: Former counsel for Defendants-Appellees,
terminated on 11/17/2022.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

16.    Barnes: Roy E.: Former counsel for former defendant Secretary of

State, Brian P. Kemp, and State Election Board Members, terminated on

2/15/2019.

17.    Barron, Richard: Defendant in underlying case in his individual

capacity and his official capacity as Director of the Fulton County Board of

Registration and Elections.

18.    Bedard, Edward: Counsel for Defendants-Appellees.

19.    Belinfante, Joshua Barrett: Counsel for Defendants-Appellees.

20.    Bentrott, Jane P.: Former counsel for Plaintiffs-Appellants, terminated

on 8/28/2020.

21.    Berzon, Stephen P.: Former counsel for Amicus Common Cause,

terminated on 10/01/2020.

22.    Blitch IV, Pierce Groover: Counsel for Movant in the underlying case

Hancock County Board of Elections and Registration.

23.    Bondurant Mixson & Elmore, LLP: Former counsel for Plaintiffs-

Appellees.

24.    Boyle, Donald P., Jr.: Counsel for Defendants-Appellees.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

25.    Brady, Robert: Objector in the underlying case.

26.    Bridges, Agnes: Objector in the underlying case.

27.    Brimer, Marcie: Former counsel for Plaintiffs-Appellants, terminated on 8/28/2020.

28.    Brody, David R.: Former counsel for Plaintiffs-Appellants, terminated on 1/8/2021.

29.    Brogan, Eileen M.: Former counsel for Plaintiffs-Appellants, terminated on 7/9/2021.

30.    Brooks, Jessica: Former defendant in underlying case, terminated on 6/13/2018.

31.    Brown, Bruce P.: Counsel for plaintiffs in this case.

32.    Bruce P. Brown Law: Counsel for plaintiffs in this case.

33.    Bryan, Bennett Davis: Former counsel for former defendant in underlying case, DeKalb County, terminated on 6/28/2018.

34.    Burge, David J.: Defendant in underlying case.

35.    Burton, Robert Dalrymple: Former counsel for Defendants-Appellees, terminated on 1/18/2022.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

36.     Burwell, Kaye Woodard: Counsel for defendant Fulton County in underlying case.

37.     Butler, Alan Jay: Counsel for Amicus Electronic Privacy Information Center.

38.     Caldwell, Joe Robert, Jr.: Former counsel for Plaintiffs-Appellants, terminated on 1/18/2018.

39.     Campbell, Benjamin E: Counsel for Plaintiffs-Appellants.

40.     Capriola, Richard John: Counsel to Paul V. Maggio.

41.     Care in Action, Inc.: Objector in the underlying case.

42.     Carlin, John P.: Former counsel for Plaintiffs-Appellants, terminated on 1/11/2021.

43.     Chalmers, Adams, Backer & Kaufman LLC: Counsel for former intervenor My Pillow, Inc. and Michael J. Lindell.

44.     Chapple, Catherine L.: Former counsel for Plaintiffs-Appellants, terminated on 8/28/2020.

45.     Cheeley Law Group, LLC: Former counsel to Movant in the underlying case Cathleen Alston Latham, terminated on 9/5/2023.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

46.    Cheeley, Robert David: Former counsel to Movant in the underlying
case Cathleen Alston Latham, terminated on 9/5/2023.

47.    Cino, Jessica Gabel: Counsel for Plaintiff-Appellants.

48.    Clark, Bryan: Counsel for former intervenor Herring Networks, Inc.

49.    Clark Hill PLC: Counsel for Defendants-Appellees

50.    Coalition for Good Governance: Plaintiff-Appellants.

51.    Cobb County Attorney's Office: Former counsel for former
defendants Cobb County in underlying case, terminated on 11/3/2017.

52.    Coffee County Board of Elections: Interested third party appearing
below seeking to quash discovery requests.

53.    Coleman, Eric B.: Counsel to Paul V. Maggio.

54.    Common Cause: Amicus in the underlying case.

55.    Conarck, Jacob Paul: Former counsel for Plaintiffs-Appellants,
terminated on 1/8/2021.

56.    Cooney, Mary Carole: Former defendant in the underlying case.

57.    Correia, Cristina: Former counsel for former defendant Brain P. Kemp
and State Election Board Members, terminated on 11/3/2017.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

58.    Coveny, Michael P.: Former defendant in the underlying case,
terminated on 6/13/2018.

59.    Crumly, Jonathan Dean, Sr.: Former counsel for Defendants-
Appellees, terminated on 11/17/2022.

60.    Curling, Donna: Plaintiff-Appellant.

61.    Cross, David D.: Counsel for Plaintiffs-Appellant.

62.    Daniell, Phil: Former defendant in the underlying case, terminated on
6/13/2018.

63.    Daniels, Douglas A.: Former counsel for former intervenor Michael J.
Lindell, terminated on 3/30/2022.

64.    Daniels, Maxine: Former defendant in the underlying case, terminated
on 6/13/2018.

65.    Daniels & Tredennick PLLC: Former counsel for former intervenor
Michael J. Lindell, terminated on 3/30/2022.

66.    Davis, Deberah J.: Former pro se movant in the underlying case,
terminated on 12/20/2023

67.    Davis, Ricardo: Plaintiff.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

68.     Denton, Alexander Fraser: Counsel for Defendants-Appellees.

69.     DeKalb County District Attorney's Office: Former counsel for former defendant DeKalb County.

70.     Digges, Laura: Plaintiff.

71.     Digges, William, III: Plaintiff.

72.     Duffey, William: Former Member of State Election Board.

73.     Duane Morris LLP: Counsel for former intervenor Newsmax, Inc.

74.     Ebenezer Baptist Church of Atlanta, Georgia, Inc.: Objector in the underlying case.

75.     Edmondson, Anna Nicole: Counsel for Defendants-Appellees.

76.     Electronic Privacy Information Center: Amicus in the underlying case.

77.     Elson, Hannah Rose: Former counsel for Plaintiffs-Appellants, terminated on 11/27/2023.

78.     Eveler, Janine: Former defendant and Director of the Cobb County Board of Elections and Registration, terminated on 6/13/2018.

79.     Fair Fight Action, Inc.: Objector in the underlying case.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

80.    Ferrer Poirot & Wansbrough-GA: Counsel for Amicus Electronic Privacy Information Center.

81.    Fervier, John: Chair of the State Election Board and Defendant-Appellee.

82.    Fisher, Ramsey W.: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

83.    Flores, Rommy L.: Former counsel for Plaintiffs-Appellants, terminated on 12/10/2021.

84.    Fortalice Solutions, LLC: Respondent.

85.    Fox News Network, LLC: Former intervenor, terminated on 8/11/2022.

86.    Fuchs, Zachary D.: Former Counsel for Plaintiffs-Appellants, terminated on 6/21/2022.

87.    Georgia Department of Law: Counsel for former Secretary of State, defendant Brain P. Kemp and State Election Board Members, terminated on 11/3/2017.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

88.    Ghazal, Sara Tindall: Member of State Election Board and Defendant-Appellee.

89.    Glover, Joel Robert: Former counsel for former intervenor Fox News Network, LLC, terminated on 7/5/2022.

90.    Goodwin Procter, LLP: Counsel for Plaintiffs-Appellants.

91.    Gwinnett County Department of Law: Counsel for Kristi L. Royston, Objector in the underlying case.

92.    Hancock County Board of Elections and Registration: Movant in underlying case.

93.    Handel, Karen C.: Former defendant in underlying case, terminated on 9/28/2017.

94.    Harding Law Firm, LLC: Former counsel for Plaintiff Ricardo Davis, terminated on 12/7/2023.

95.    Harding, Todd Andrew: Former counsel for Plaintiff Ricardo Davis, terminated on 12/7/2023.

96.    Harp, Seth: Former Member of the Georgia State Election Board.

97.    Havian, Eric R.: Counsel for Plaintiffs-Appellants.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

98.    Haynie, Litchfield & White PC: Former counsel for former defendant in underlying case, DeKalb County.

99.    Hedgecock, Lyle F.: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

100.    Heidt, Josiah Benjamin: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 11/3/2017.

101.    Hendrix, Barclay: Former counsel for former defendant in the underlying case, Karen C. Handel.

102.    Hernandez, Danielle Maria: Counsel for Defendants-Appellees.

103.    Herring Networks, Inc.: Former intervenor, terminated on 8/11/2022.

104.    Highsmith, Robert S.: Counsel for former defendant in the underlying case, Merle King.

105.    Hilbert, Kurt Robert: Counsel for former intervenor My Pillow, Inc. and Michael J. Lindell.

106.    Holcomb + Ward, LLP: Former counsel for Plaintiffs-Appellants, terminated on 2/5/2018.

107.    Holden, Deirde: Objector in the underlying case.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

108.   Holland & Knight LLP: Former counsel for former defendant in the underlying case, Merle King.

109.   Ichter, Cary: Counsel for Plaintiffs-Appellants.

110.   Ichter Davis, LLC: Counsel for Plaintiffs-Appellants.

111.   Jackson-Fannin, Julian Antony: Counsel for former intervenor Newsmax, Inc.

112.   Jackson Walker, L.L.P.: Former Counsel for former intervenor Fox News Network, LLC, terminated on 7/5/2022.

113.   Jacoutot, Bryan Francis: Counsel for Defendants-Appellees.

114.   Jarrard & Davis, LLP: Counsel for Ameika Pitts, Objector in the underlying case.

115.   Jeffares, Rick: Member of State Election Board and Defendant-Appellee.

116.   Jihadi, Wail: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

117.   Johnson, Aaron: Former defendant in underlying case, terminated on 11/10/2023.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

118.   Johnston, Janice: Member of State Election Board and Defendant-Appellee.

119.   Johnson, Laura K.: Former counsel for former defendant DeKalb County, terminated on 6/28/2018.

120.   Johnson, Melanie Leigh: Counsel for Defendants-Appellees.

121.   Jon L. Schwartz, Attorney at Law, P.C.: Former Counsel for Amicus Common Cause, terminated 10/01/2020 and counsel for Amicus National Election Defense Coalition and Protect Democracy.

122.   Jones Walker, LLP-ATL: Counsel to former movant in the underlying case R. Kyle Ardoin in his official capacity as Louisiana Secretary of State.

123.   Joseph, Oluwasegun: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

124.   Kaiser, Mary G.: Counsel for Plaintiffs-Appellants.

125.   Kastorf, Kurt G.: Counsel for Objectors Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Fair Fight Action, Inc.; Sixth Episcopal District Inc.; Virginia Highland Church, Inc.; Abrams for Governor; and Baconton Missionary Baptist Church, Inc.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

126.  Keller, Scott Allen: Counsel for former intervenor Fox News
Network, LLC.

127.  Kemp, Brian P.: Former Secretary of State and defendant in the
underlying case, terminated on 4/9/2019.

128.  Kidd, Milton: Objector in the underlying case in his official capacity
as Director of Elections for the Douglas County Board of Elections and
Registration.

129.  Kimrey, Blaine C.: Counsel for former intervenor Herring Networks,
Inc.

130.  King, Janelle: Member of State Election Board and Defendant-
Appellee.

131.  King, Merle: Executive Director of the Center for Election Systems at
Kennesaw State-former defendant in the underlying case, terminated on 6/13/2018.

132.  Kinsley, Nicholas Andrew: Counsel for Coffee County Board of
Elections.

133.  Kirk, Joseph: Objector in the underlying case.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

134.   Knapp, Halsey G., Jr.: Counsel for Plaintiffs-Appellants in

proceedings below.

135.   Koechley, Julia L.: Counsel for former intervenor Herring Networks,

Inc.

136.   Krevolin & Horst, LLC: Counsel for Plaintiffs-Appellants.

137.   Lake, Brian Edward: Former counsel for Defendants-Appellees,

terminated on 4/25/2023.

138.   LaRoss, Diane Festin: Counsel for Defendants-Appellees.

139.   Latham, Cathleen Alston: Movant in the underlying case.

140.   Lawyers' Committee for Civil Rights Under Law: Former counsel for

Plaintiffs-Appellants, terminated on 1/8/2021.

141.   Lehotsky Keller Cohn LLP: Counsel for former intervenor  Fox News

Network, LLC.

142.   Lewis, Anne Ware: Counsel for former defendant Karen C. Handel.

143.   Lewis, Anthony: Former defendant in the underlying case, terminated

on 6/13/2018.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

144.   Le, Anh: Member of the Georgia State Election Board and Defendant-Appellee.

145.   Leyton, Stacey M.: Former counsel for Amicus Common Cause, terminated on 10/01/2020.

146.   Lim, Marvin: Former counsel for Plaintiffs-Appellants, terminated on 12/21/2017.

147.   Lindell, Michael J.: Former intervenor, terminated on 8/11/2022.

148.   Lindenbaum, Dara: Counsel for Objectors Care in Action, Inc.;

149.   Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Fair Fight Action, Inc.; Sixth Episcopal District Inc.; Virginia Highland Church, Inc.; Abrams for Governor; and Baconton Missionary Baptist Church, Inc.

150.   Lowman, David R.: Counsel for defendants Fulton County Board of Registration and Elections; Director Richard Barron; and Fulton County Board of Registration Members in underlying case.

151.   Maggio, Paul V.: Interested third party appearing below seeking to quash discovery requests.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

152.   . Maguire, Joseph Matthew, Jr.: Counsel for Respondent U.S. Dominion, Inc.

153.   Manoso, Robert W.: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

154.   Martino-Weinhardt, Matthaeus H.: Former counsel for Plaintiffs-Appellants, terminated on 3/18/2024.

155.   Mashburn, Matthew: Defendant-Appellee.

156.   Matarazzo, Stan: Former defendant in underlying case, terminated 09/15/2017.

157.   McGuire III, Robert Alexander: Counsel for Plaintiffs- Appellants.

158.   Middleton, Caroline L.: Former counsel for Plaintiffs-Appellants, terminated on 11/27/2023.

159.   Miller, Carey Allen: Counsel for Defendants-Appellees.

160.   Miller, J. Britten, Jr.: Pro Se Amicus.

161.   Missett, Megan: Plaintiff- Appellant.

162.   Monyak, Elizabeth Ahern: Former counsel for former Defendant Brian P. Kemp; current Defendants David J. Worley, Rebecca N. Sullivan, Ralph

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

F. Simpson, Seth Harp, and the State Election Board; and objector Janine Eveler,

terminated on 11/3/2017.

163.  Morrison & Foerster, LLP-DC: Former counsel for Plaintiffs-

Appellants, terminated on 10/23/2024.

164.  Murray, Matthew J.: Former counsel for Amicus Common Cause,

terminated on 10/1/2020.

165.  My Pillow Inc.: Former intervenor, terminated on 8/11/2022.

166.  Nally, Paul L.: Pro Se Amicus Curiae.

167.  National Election Defense Coalition: Amicus in the underlying case.

168.  Newsmax, Inc.: Former Intervenor, terminated on 8/11/2022.

169.  Ney Rhein Williams, LLC: Counsel for Plaintiffs-Appellants.

170.  Ney, William Brent: Counsel for Plaintiffs-Appellants.

171.  Novosad, Heath A.: Former counsel for former intervenor

172.  Michael J. Lindell, terminated on 3/30/2022.

173.  Nuriddin, Vernetta: Former defendant in the underlying case,

terminated on 11/10/2023.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

174.   Office of Fulton County Attorney: Counsel for Defendant- Appellees in underlying case.

175.   Oles, David Edward, Sr.: Counsel for Plaintiff Ricardo Davis.

176.   Ossoff, Thomas Jonathan: Former interested party in underlying case, terminated 09/28/2017.

177.   Paradise, Loree Anne: Former counsel for Defendants- Appellees, terminated on 10/3/2022.

178.   Park, Jeanah: Counsel for former intervenor Herring Networks, Inc.

179.   Parker, Andrew D.: Counsel for former intervenors My Pillow, Inc. and Michael J. Lindell.

180.   Parker Daniels Kibort, LLC: Counsel for former intervenor My Pillow, Inc. and Michael J. Lindell.

181.   Parker, Hudson, Rainer & Dobbs LLP: Former counsel for Defendants-Appellees, terminated on 8/27/2024.

182.   Parker Poe Adams & Bernstein, LLP-GA: Former counsel for former Defendants-Appellees, terminated on 6/28/2018.

183.   Parks Chesin & Walbert, P.C.: Counsel for U.S. Dominion, Inc.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

184.   Peeler, Charles E.: Counsel for former intervenor Fox News Network, LLC.

185.   Perry, Leona: Former defendant in underlying case, terminated on 6/13/2018.

186.   Pettit, Joe: Former defendant in underlying case, terminated on 6/13/2018.

187.   Phillips, James Jayson: Counsel for Objectors Joseph Kirk and Deidre Holden.

188.   Phillips, Terry G.: Former counsel for former defendants Maxine Daniels, Michael P. Coveny, Anthony Lewis, Leona Perry, Samuel Tillman, Baoky N. Vu, and the Dekalb County Board of Registrations and Elections in underlying case, terminated on 6/28/2018.

189.   Pierson, Holly Anne: Former counsel to Movant in the underlying case Cathleen Alston Latham, terminated on 8/31/2023.

190.   Pierson Law LLC: Former counsel to Movant in the underlying case Cathleen Alston Latham, terminated on 8/31/2023.

191.   Pico-Pratts, Javier: Counsel for Defendants-Appellees.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

192.   Pitts, Ameika: Objector in the underlying case.

193.   Porter, Reiley Jo: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

194.   Powers, John Michael: Former counsel for Plaintiffs- Appellants, terminated on 1/8/2021.

195.   Price, Donna: Plaintiff-Appellant.

196.   Protect Democracy: Amicus in the underlying case.

197.   Pull, Joseph A.: Counsel for former intervenor My Pillow, Inc. and Michael J. Lindell.

198.   Raffensperger, Brad: Secretary of State and Defendant- Appellee.

199.   Ringer, Cheryl: Counsel for Defendants-Appellees in underlying case.

200.   Robbins Ross Alloy Belinfante Littlefield LLC: Counsel for Defendants-Appellees.

201.   200. Robert McGuire Law Firm: Counsel for Plaintiffs-Appellants.

202.   Robin, Kenneth Paul: Counsel for Ameika Pitts, objector in the underlying case.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

203.   Rockdale County Board of Elections and Registration: Objector in the underlying case.

204.   Rosenberg, Ezra David: Former counsel for Plaintiffs-Appellants, terminated on 1/8/2021.

205.   Rowan, Nancy Ladson: Former counsel for Defendants-Appellees in underlying case, terminated on 9/13/2023.

206.   Royston, Kristi L.: Objector in the underlying case.

207.   Russo, Vincent Robert, Jr.: Counsel for Defendants-Appellees.

208.   Ruth, Kathleen D.: Former defendant in the underlying case, terminated on 11/10/2023.

209.   Salter, John Frank, Jr.: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

210.   Sandler Reiff Lamb Rosenstein & Birkenstock, P.C.: Counsel for Objector Care in Action, Inc.

211.   Scheinman, Aaron Heath: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

212.   Schnell, Grant Edward: Counsel for former defendant in the underlying case, Merle King.

213.   Schoenberg, Jeffrey: Plaintiff-Appellant.

214.   Schwartz, Edward Bruce: Former counsel for Plaintiffs-Appellants, terminated on 1/18/2018.

215.   Schwartz, Jonathan Lee: Former Counsel for Amicus Common Cause, terminated 10/01/2020, and counsel for Amicus National Election Defense Coalition and Protect Democracy.

216.   Simpson, Ralph F.: Former Member of the Georgia State Election Board and Defendant-Appellee.

217.   Sixth Episcopal District, Inc.: Objector in the underlying case.

218.   Smith, Gambrell & Russell, LLP: Counsel for former intervenor Fox News Network, LLC.

219.   Sparks, Adam Martin: Counsel for Plaintiffs-Appellants.

220.   Squire Patton Boggs: Former counsel for defendant Richard Barron in underlying case, terminated on 9/13/2023.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

221.    Steptoe & Johnson-DC: Former counsel for Appellant-Plaintiff, Donna Curling and Coalition for Good Governance, terminated on 11/29/2017 and 1/18/2018.

222.    Stillman Welch, LLC: Counsel for former intervenor Herring Networks, Inc.

223.    Strickland Brockington Lewis, LLP: Former counsel for former defendant Karen C. Handel.

224.    Strickland, Frank B.: Counsel for former defendant Karen C. Handel.

225.    Sugarman, F. Skip: Counsel for Amicus Common Cause.

226.    Sugarman Law LLP: Counsel for Amicus Common Cause.

227.    Sullivan, Rebecca N.: Member of the Georgia State Election Board and Defendant-Appellee.

228.    Swanbeck, Sonja N.: Former counsel for Plaintiffs-Appellants, terminated on 10/23/2024.

229.    Talley Richardson & Cable, P.A.: Counsel for Objector Joseph Kirk.

230.    Talmor, Kate: Counsel for United States Cybersecurity and Infrastructure Security Agency.

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

231.    Taylor English Duma LLP: Counsel for Defendants-Appellees.

232.    Tepfer, Cameron A.: Former counsel for Plaintiffs-Appellants, terminated on 9/3/2019.

233.    Terry, Edward Curtis: Former pro se plaintiff in the underlying case, terminated on 3/20/2018.

234.    The Barnes Law Group, LLC: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

235.    The Center for Election Systems at Kennesaw State University: Former defendant in the underlying case, terminated on 9/15/2017.

236.    The Cobb County Board of Elections and Registration: Former defendant in the underlying case, terminated on 6/13/2018.

237.    The Dekalb County Board of Registrations and Elections: Former defendants in the underlying case, terminated on 6/13/2018.

238.    The Fulton County Board of Registration and Elections: former defendant in the underlying case.

239.    The Nelson Law Group: Counsel for Movant in the underlying case Hancock County Board of Elections and Registration.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

240.    The State Election Board: Defendant-Appellee in the underlying case.

241.    Theriot, Chad V.: Counsel to former movant in the underlying case R. Kyle Ardoin in his official capacity as Louisiana Secretary of State.

242.    Tillman, Samuel E.: Former defendant in the underlying case, terminated on 6/13/2018.

243.    Totenberg, Hon. Amy: Judge in underlying case, United States District Court for the Northern District of Georgia.

244.    Troutman Pepper Locke LLP: Counsel for former intervenor Fox News Network, LLC.

245.    Tyson, Bryan P.: Counsel for Defendants-Appellees.

246.    U.S. Dominion, Inc.: Respondent in underlying case.

247.    Vallotton, Barclay: Counsel for former defendant Karen C. Handel.

248.    Vedder Price, P.C.: Counsel for former intervenor Herring Networks, Inc.

249.    Virginia-Highland Church, Inc.: Objector in the underlying case.

250.    Vu, Baoky N.: Former defendant in the underlying case, terminated on 6/13/2018.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

251.  Waldon Adelman Castilla Hiestand & Prout: Counsel for former interested party Thomas Jonathan Ossoff.

252.  Waldon, Russell Dunn: Counsel for former interested party Thomas Jonathan Ossoff.

253.  Ward, Bryan Myerson: Former counsel for Plaintiffs-Appellants, terminated on 2/5/2018.

254.  Webb, Wheaton: Counsel for former intervenor Fox News Network, LLC.

255.  Weigel, Daniel H.: Former counsel for Defendants-Appellees, terminated on 8/27/2024.

256.  Welch, T. Brandon: Counsel for former intervenor Herring Networks, Inc.

257.  White, Daniel Walter: Counsel for former Defendants-Appellees.

258.  White-Davis, Angela: Objector in the underlying case.

259.  Wilson, Darryl O.: Former defendant in the underlying case, terminated on 6/13/2018.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

260.    Wilson Elser Moskowitz Edelman & Dicker LLP: Former counsel for

Defendants-Appellees, terminated on 1/18/2022.

261.    Wilson, Melanie Felicia: Counsel for Kristi L. Royston, objector in

the underlying case.

262.    Wingate, Mark: Former defendant in the underlying case, terminated

on 11/10/2023.

263.    Winter Capriola Zenner, LLC: Counsel to Paul V. Maggio.

264.    Whistleblower Partners LLP: Counsel for Plaintiffs-Appellants.

265.    Wiesebron, Tamara Raquel: Former counsel for Plaintiffs-Appellants,

terminated on 10/23/2024.

266.    Worley, David J.: Member of the Georgia State Election Board and

Defendant-Appellee.

Wright, Aaron: Former counsel for Plaintiffs-Appellants, terminated on

12/21/2017.

*Weinstein v. Georgia State Board Of Examiners Of Psychologists, et al,*

*No. 12-13376-CC*

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

Heather McGrotty, Esq., attorney for Appellees

Susan Teaster, Esq., attorney for Appellees

Hall, Booth, Smith & Slover P.C.

Law Office of David Edward Oles

Oles, David Edward, counsel to plaintiff-appellant

Georgia Attorney General's Office

/s/David E Oles

David Edward Oles, Sr.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument. This appeal involves critical election-related issues that directly impact the fundamental and constitutional rights of the parties and the voting public who will be impacted by the decision. The substantial costs associated with changing statewide election systems underscore the need for clear judicial guidance. Oral argument will allow the parties to address the Court's questions effectively and ensure a thorough consideration of these critical matters.

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ xxxii

TABLE OF AUTHORITIES ................................................................ xxxiv

INTRODUCTION ...................................................................................1

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............2

STATEMENT OF THE CASE.................................................................2

STATEMENT OF THE FACTS ..............................................................3

ARGUMENT .........................................................................................18

    SUMMARY OF THE ARGUMENTS .................................................18

    I.    Legal Standard for Standing ........................................................19

    II.    Inaccurate Election Counts Are A Legally Cognizable Injury Of A "Legally Protected Interest"....................................................................20

    III.    The Trial Court Erred By Summarily Concluding That Davis Had Not Articulated A Legally Cognizable Injury. .........................................22

        a.    The Court erred by ignoring the significant evidence of actual harm to his right to an accurate vote count that Davis repeatedly articulated and introduced evidence showing that the system was penetrated multiple times, and produced flawed results. ..................................................................22

        b.    The Evidence Presented by Davis of Concrete Injuries to his Voting Rights Justifies Standing to Pursue the Claims for Relief.................................23

    IV.    The Evidence Appellant Was Improperly Forced to Proffer into the Record Demonstrates Further Concrete, Cognizable Injuries to his Voting Rights Implicating his Legally Protected Interests. .........................................24

CONCLUSION ......................................................................................27

CERTIFICATION OF COMPLIANCE .................................................28

CERTIFICATE OF SERVICE ..............................................................28

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

# TABLE OF AUTHORITIES

## Cases

*Allen v. Milligan*, 599 U.S. 1, 143 S. Ct. 1487, 216 L. Ed. 2d 60 (2023)...............21

*Burdick v. Takushi*, 504 U.S. 428, 433 (1992)..........................................21

*Curling v. Kemp*, 334 F. Supp. 3d 1303, 1328 (N.D. Ga. 2018))............................4

*Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312 (11th Cir. 2019).............22

*F.D.A. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 381 (2024)...............19

*Gray v. Sanders*, 372 U.S. 368, 380, 83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963)...20

*Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1274 (S.D. Fla. 2011)........24

*Polelle v. Fla. Sec'y of State*, 131 F.4th 1201 (11th Cir. 2025) ...............................21

*Reynolds v. Sims*, 377 U.S. 533, 555, 84 S. Ct. 1362, 1378, 12 L. Ed. 2d 506 (1964)
..............................................................................................................20

*Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1271 (11th Cir.
2001)......................................................................................................19

## Statutes

28 U.S.C. § 1291 ...............................................................................................1

28 U.S.C. § 1331 ...............................................................................................2

28 U.S.C. § 41 ...................................................................................................1

42 U.S.C. § 1983 ...........................................................................................2, 4

52 U.S.C.A. § 10310 .......................................................................................21

O.C.G.A. §§ 21-2-300(a)(2), 21-2-383(c)) ......................................................4

O.C.G.A. §§ 21-2-379.22, 21-2-498 ................................................................4

U.S. Const. amend. XIV ...................................................................................4

U.S. Const. amends. I, XIV ..............................................................................4

## Rules

FRAP 32(a)(7)(B) ...........................................................................................27

## Regulations

Ga. Comp. R. & Regs. r. 590-8-1-.01 ..............................................................4

**INTRODUCTION**

In 2017, the Appellants[1] first sought injunctive relief in the Northern District of Georgia to halt Georgia's use of an insecure electronic voting system.[2] The trial court granted interim relief in 2019, and Georgia thereafter purchased the Dominion electronic BMD system.  Citing this new system's failure to meet Georgia's constitutional and statutory standards, Plaintiffs renewed their challenge. Seven years after the complaint was filed, the district court held a trial over four weeks in January of 2024.  Fourteen months after the evidence closed, the trial court DISMISSED the entire case citing lack of standing.  This Appeal challenges the trial court's conclusion that after seven years it found itself without adequate foundation to maintain jurisdiction over the claims made by Appellant Ricardo Davis ("Appellant" or "Davis").

**JURISDICTIONAL STATEMENT**

This Court has jurisdiction over the present appeal pursuant to 28 U.S.C. § 1291, as this appeal is taken from a final order from the United States District Court for the Northern District of Georgia in Curling v. Raffensperger (No. 1:17-cv-02989-AT) on March 31, 2025.[3]  Additionally, 28 U.S.C. § 41 establishes the

---

[1] Appellant Davis, along with several other plaintiffs.
[2] Curling v. Raffensperger (No. 1:17-cv-02989-AT)
[3] "[T]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court."  28 U.S.C. § 1291

1

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

geographic boundaries of the federal judicial circuits, placing the Northern District

of Georgia within the Eleventh Circuit. The federal constitutional claims (e.g.,

violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983)

further confirm federal appellate jurisdiction, as circuit courts are authorized to

review such federal questions pursuant to 28 U.S.C. § 1331.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the trial Court erred when it dismissed the Appellant's claims for

   lack of standing after 7 years of litigation?

2. Whether Appellant's constitutional injuries justify judicial review?

3. Whether the trial Court abused its discretion by refusing to admit

   Appellant's evidence at trial of actual injury to Appellant's legally protected

   interests.

## STATEMENT OF THE CASE

**Nature of the Case.** Appellant Ricardo Davis challenges the district court's

dismissal of his claims for lack of standing. Davis, one of several plaintiffs in the

underlying case, alleged violations of his First and Fourteenth Amendment rights

in the use and operation of the Dominion Ballot Marking Device (BMD) electronic

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

voting system in Georgia elections.[4] [5]  However, unlike the other Plaintiffs,

Appellant Davis based his case on showing actual injury from miscounts.

**Course of Proceedings and Disposition Below**: The district court dismissed the

case on March 31, 2025, concluding that the plaintiffs, including Appellant, lacked

standing to pursue their claims. The court found that the alleged injuries did not

constitute an invasion of a legally protected interest under governing precedent.[6]

### STATEMENT OF THE FACTS

Appellant Davis, a registered Georgia voter, with other plaintiffs, filed suit

contending that Georgia's electronic in-person voting system violates the

plaintiffs' right to vote, to due process, and to equal protection under the First and

Fourteenth Amendments to the United States Constitution. Plaintiffs asked the

---

[4] ("CGG"), and three individuals: Laura Digges, William Digges, and Megan Missett (the "Individual CGG Plaintiffs").8 On the eve of trial, Ricardo Davis separated from the other Individual CGG Plaintiffs and retained new counsel to pursue a separate trial strategy.9 See (Docs. 1737, 1764); see also (Doc. 1749 at 10). Although he obtained separate trial counsel, Davis's legal claims under the operative pleadings remain at core the same as the other Coalition Plaintiffs." (Doc. 1869, p. 12)
[5] "As Plaintiffs do not have standing, the Court lacks jurisdiction to consider the merits of Plaintiffs' claims. This case is therefore DISMISSED, and the Clerk is DIRECTED to close this case. (Doc. 1869, pg. 33)
[6] "After lengthy consideration of the parties' arguments and voluminous trial evidence, the Court concludes that Plaintiffs lack standing to pursue their claims because neither of these asserted injuries constitute an invasion of a legally protected interest under governing precedent." (Doc. 1869, p 4)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

Court to stop Georgia's use of its Dominion electronic in-person voting system

(the "Dominion BMD System") so that it could be replaced with a handmarked

paper ballot system.[7]

In the Amended Complaint, Appellant raised the following claims:

**Fundamental Right to Vote (Count I)**: The Dominion BMD System violates the First and Fourteenth Amendments by burdening voting rights through unverifiable QR-code ballots and timestamped records that risk voter anonymity, undermining a trustworthy election process without justification (U.S. Const. amends. I, XIV; *Curling v. Kemp*, 334 F. Supp. 3d 1303, 1328 (N.D. Ga. 2018)).

**Equal Protection (Count II)**: The Dominion BMD System breaches the Fourteenth Amendment's Equal Protection Clause by treating in-person voters, who face unverifiable ballots and limited audits, differently from mail voters with auditable hand-marked ballots, violating the unconstitutional-conditions doctrine absent a legitimate state interest (U.S. Const. amend. XIV; 42 U.S.C. § 1983; O.C.G.A. §§ 21-2-300(a)(2), 21-2-383(c)).

**Due Process (Count III)**: The Dominion BMD System denies procedural due process under the Fourteenth Amendment by depriving voters of state rights to accurate vote counting, recounting, auditing, and a certified voting system, due to improper certification and ineffective audits, without adequate state justification (U.S. Const. amend. XIV; O.C.G.A. §§ 21-2-379.22, 21-2-498; Ga. Comp. R. & Regs. r. 590-8-1-.01).[8]

---

[7] The Court defined the "Dominion BMD System" as the Democracy Suite Election Management System ("EMS"); EMS adjudication; ICX BMDs; ICP Precinct Scanners; and ICC Central-count scanners.  (Doc. 1728 fn4)

[8] (Doc. 628, p. 62-68)

4

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

The court confirmed the standing of Mr. Davis (and his fellow Plaintiffs)
multiple times since the case originated in 2017. The record reflects that Mr.
Davis incurred no change in his status since the January, 2024 trial warranting a
reversal of his standing, nor is any such change specifically cited in the court's
March 31, 2025 order.[9]

In its August 15, 2019 order, the court explained that it had found the
Defendants' arguments against the Plaintiff's standing to be *"meritless"*. [10]

*"Despite having found the State Defendant's immunity and standing
arguments meritless and expressing its strong concerns regarding the need for the
State to move forward to address election remedial issues, the Court nonetheless
reluctantly granted the stay request pending appeal to the Eleventh Circuit due to
the exceptionally high legal standard for showing of frivolousness required in this
context."* [11]

---

[9] (Doc. 1868)
[10] (Doc. 569, p.4)
[11] (Doc. 569, p.4, fn1)

5

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

On an expedited appeal, the Eleventh Circuit denied and dismissed the State Defendants' appeal of the Court's jurisdictional rulings on immunity and standing in a decision deemed final on March 8, 2019.[12]

In its October 11, 2023 order that initiated the January, 2024 trial, the court devoted 37 pages of its 153-page ruling, (more pages that its entire 37-page dismissal on March 31, 2025), to thoroughly address the questions of standing for all Plaintiffs. The court concluded that *"...Plaintiffs have, viewing the facts in their favor, provided sufficient evidence to support standing..."*[13]

The court concluded that a sufficient question of fact existed as to "Plaintiff's claim that Georgia's current BMD voting system imposes a severe constitutional burden on their right to have their votes accurately counted as cast."[14]

The Court further granted Mr. Davis and other Plaintiffs standing by applying the One Plaintiff rule in its October 11, 2023 order explaining that: *"At bottom, the Court finds no basis for declining to apply the One Plaintiff Rule in these circumstances, and therefore concludes that the remaining Plaintiffs have*

---

[12] (Doc. 338, Appeal 18-13951 Per Curium; Doc. 341)

[13] (Doc. 1705, pp. 71-110)

[14] (Doc. 1705 p.120)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

*standing to raise their asserted claims."*[15]

In its Pretrial Order, the court defined the following trial issues:

1. Whether Georgia's Dominion BMD System burdens Plaintiffs' fundamental right to vote in violation of the First and Fourteenth Amendments.

2. Whether Georgia's Dominion BMD System violates Plaintiffs' equal protection rights under the Fourteenth Amendment.

3. Whether Georgia's BMD voting system violates the fundamental right to vote under the Due Process Clause of the 14th Amendment and of 42 U.S.C. § 1983.

4. Whether Georgia's BMD voting system violates the fundamental right to vote under the Equal Protection Clause of the 14th Amendment and of 42 U.S.C. § 1983.[16]

This court held trial of all issues over twenty (20) days in January of 2024.

As part of that trial, Appellant undertook to present evidence, including lay and expert witness testimony and documentary exhibits to support his claims of injury.

In his opening, Appellant Davis identified for the court the following actual injuries he would be presenting as part of his case.[17]

The record before this Court is awash with various types of security vulnerabilities, deficiencies that severely impede the constitutional right to vote.

---

[15] (Doc. 1705, p. 108)
[16] (Doc 1728; Doc. 1749)
[17] (Doc. 1832, pp. 38-40)

7

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

These are not simply speculative as the defendants have claimed and not limited to the BMDs, the ballot-marking devices. Dr. Halderman opines that the Dominion scanners accept duplicate ballots, and he and Dr. Stark and others have confirmed that over 2800 duplicates were counted in the 2020 election.

\* \* \*

The record shows that a State election preparation server has already been exposed to the internet and has always been vulnerable to a single point of attack. The State server can infect any county election system in any election without detection.

Depositions in this case establish that Dominion personnel wirelessly accessed the Coffee County system on the night of January 5th, 2021, U.S. Senate runoff, adjusting mail-in ballot scanner settings to address a partisan ballot rejection problem without ever touching the equipment.[18]

Such wireless access conflicts with the claims by defendants and the vendor that the system has no remote capability.[19]

\* \* \*

Dr. Halderman explains that Dominion failed to pay sufficient attention to security during design software engineering and testing, and it would be extremely difficult to retrofit security into a system that was not intentionally produced with such a process.[20]

\* \* \*

The record in this case shows that Georgia's electronic election landscape is littered with inactions and inappropriate actions by the defendants. For

---

[18] This evidence was proffered, as the trial court declined to allow it to be presented.

[19] This evidence was proffered, as the trial court declined to allow it to be presented.

[20] (Doc. 1832, p. 40)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

example, in 2017 the defendants allowed the central election preparation server to be wiped days after this lawsuit was filed.[21]

\* \* \*

When 2020 Coffee County machinery counts added 39 votes with no change in ballots cast and then failed to count votes on 185 more ballots, the Secretary did not help.[22]

\* \* \*

In 2022, when the Dominion system declared the wrong winners in DeKalb District 2 commission primary, the Secretary refused to allow full race hand counts for any other races to ensure that statewide elections were correct.[23]

On the stand at trial, Plaintiff Davis testified that he was a Georgia resident since 1995 who "vote[d] in every election I can".[24]   He further testified that he voted using the Dominion BMD System.[25]

He then testified to his involvement with the Dominion BMD System and its flaws and errors.  In what he termed a "catastrophic error in the tabulation of results, "in a county commission race, Mr. Davis' organization VoterGA reviewed public Open Records data and confirmed candidate Michelle Spears' claim that the

---

[21] (Doc. 1832, p. 40)
[22] (Doc. 1832, p. 41)
[23] (Doc. 1832, p. 41)
[24] (Doc. 1833, pp. 147- 148)
[25] (Doc. 1833, p. 148)

9

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

Dominion BMD System incorrectly reported that one of the candidates received no

votes, when in fact she received 1,800 votes.[26]

In connection with the 2020 Fulton County general election, Mr. Davis

testified that:

> . . . specifically, we investigated claims by senior poll managers during the
> 2020 general election that several hundred mail-in ballots were found, but
> there were anomalies with those ballots. In particular, since they were mail-
> in ballots, they should have been folded, but they had no fold marks.
>
> In addition, the paper that was used for those suspect ballots was not
> the same as the card stock used for others.
>
> Another item that the senior poll managers reported was that, again, if
> this was a mail-in ballot, it would have been hand-marked by a voter. And
> the ballots that they observed appeared to be machine-marked.[27]

Appellant then testified about missing ballot images in Fulton County.

> Q.    Did VOTER GA receive some reports that there were cast vote
> records that did not have attached ballot images?
>
> A. That's correct. In Fulton County, 2020 election again, there were
> roughly 17,000 cast vote records that had no corresponding ballot image.[28]

Mr. Davis continued to testify about another incident during the 2020 Fulton

County general election.

---

[26] (Doc. 1833, p. 158-161)
[27] (Doc. 1833, p. 163)
[28] (Doc. 1833, p. 166)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

**Q.** Are you, as a result of your involvement with VOTER GA or your personal experience, aware of any circumstances where the Dominion system processed and reported altered results?

**A.** Yes, as a matter of fact. And again, this was through our research and analysis of information obtained from Fulton County that appeared -- no, excuse me. What we received in terms of information metadata from Fulton County is that –

**Q.** Well, let me ask you this: The incident you are about to describe, do you know which election it was?

**A.** This was the 2020 general election.

**Q.** Okay. Go ahead.

**A.** Okay. If memory serves me correct, about 104,000 ballot images had timestamps that were incongruent with the processing of the data.[29]

When -- what we saw when we received the data is that there were ballot images that were modified because we saw that the modified timestamp had been changed and was significantly different from the rest of the data that we received. In particular, there were a little over 100,000 ballot images.

THE COURT: Did you see the ballots yourself, or did other people see them?

THE WITNESS: What I saw was the metadata for all of the files. So, I could see the creation time and the last modified time of the ballots, and what we saw was that in this very large batch of over 100,000 ballots, they all had the same, different from the rest of the batch, date and timestamp.[30]

In his closing, Appellant Davis summarized the evidence presented at trial

---

[29] (Doc. 1833, p. 167)

[30] Mr. Davis was not permitted to opine on conclusions from the anomaly. (Doc. 1833p. 173)

11

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

showing or confirming actual inaccuracies in the voting results.

So, what are the counting problems? Director Blake Evans confirmed that there was a 20,000-vote drop for one candidate in the span of four minutes in the 2021 U.S. Senate race. Although he blamed it on the county for an older upload, before admitting that he never investigated the issue, he also offered no evidence as to why the other candidate's vote totals did not have the same effect.[31]

The DeKalb County board of election report submitted by Mr. Davis and his corroborating testimony shows the Dominion voting system selected the wrong winner in their May 24th, 2022, District 2 commissioner primary. This was only caught because Michelle Long Spears, the candidate, received zero votes in a precinct where she and her own family lived and voted for her.[32]

Audit logs from the SEB -- audit logs included in the SEB 2022-348 report that has been placed into evidence includes samples of how ballots were rejected when the scanner tabulators malfunctioned.[33]

The Court heard evidence of a QR mismatch error that causes ballots to be rejected and not counted. Mr. Evans authenticated the 2022-348 complaint that establishes this existed in 65 of 67 counties surveyed. He also authenticated the letter from the Tennessee Secretary of State recommending at least Williamson County discontinue the use of Dominion ballot-marking device system without delay.[34]

He tried to claim the same error did not exist in Georgia before admitting that he had never investigated it. Had Mr. Evans simply read the complaint, he would have seen the audit log entries from the counties throughout the state all showing the same QR code mismatch error in plain English.[35]

---

[31] (Doc. 1844, p.106)
[32] (Doc. 1833, p. 158; Doc. 1843 p. 128)
[33] (Doc. 1878-3)
[34] (Doc. 1844, p 110-111)
[35] (Doc. 1848, p. 81)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

Blake Evans, the director of election and voting systems, stated that
he had no knowledge of vote dilution or votes not counted as cast. He then
went on to admit that he was aware of the 2022 DeKalb County District 2
primary that selected the wrong winner. He initially denied that Coffee
County had machine re-count problems in the 2020 general election but then
admitted they called the office about issues they were having.[36]

He said he was aware of the Fulton County duplicate pristine ballot
case that has been filed as *Favorito v. Wan.* He also claimed that Pro V&V
conducted audits in at least two counties in November 2020, but no
documents were produced to show that they ever performed any audits or
visited either county that Mr. Evans named.[37]

Center for Election Services Director Michael Barnes acknowledged
in cross-examination a letter he wrote to Bibb County election supervisor
stating that she could overwrite in-person voted memory cards containing
election records just weeks after an election.[38]

The cards contained ballot images, audit logs, and cast vote records
from the election. Under cross-examination it was shown that election
records had a 22-month and 24-month retention period, respectively. But he
apparently thought it was perfectly acceptable to upload the memory card
content to the server and destroy the original data despite that.

Gabriel Sterling, the former political consultant turned DVS
implementation manager, admitted in cross-examination that he told Joe
Rossi -- Investigator Joe Rossi, that he was 100 percent certain that ballots
had not been tallied multiple times.[39]

Governor Kemp's 36-point study showed examples of many ballots
being repeatedly scanned or repeatedly reported in the audit.[40]

---

[36] (Doc. 1844, p. 17)
[37] (Doc. 1848, p. 81)
[38] (Doc. 1843, pp. 129-131)
[39] (Doc. 1837, p. 14-15)
[40] (Doc. 1874, #40 Exhibit 208)

13

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

Former Secretary of State Attorney Ryan Germany admitted that there were doubled-scanned ballots in Fulton County. [41]

One of the State's experts, Ben Adida -- Ben Adida to [T17, p. 82, ll. 1-25] praised Georgia as the first state to conduct a risk-limiting audit in the 2020 general election presidential contest. This, despite Dr. Stark's extensive testimony, that RLAs cannot be used for BMD elections. Several defendants acknowledge that Georgia actually conducted a full hand-count, which is not, in fact, an RLA.[42]

Another State expert, Dr. Juan Gilbert, admitted that an RLA cannot detect what the ballot-marking device shows to the voter.[43]

Governor Kemp's study found that the audit had 36 major discrepancies. These included hundreds of double-scanned ballots, thousands of reported ballots. For years, the office of Secretary of State claimed the hand-count audit confirmed machine counted election results but not one defendant was willing to say that under oath.

*  *  *

The [Defendants' own admissions] reflect[] that the entire Georgia election preparation system was [exposed to the internet] during th[e] 2016 election.[44]  The record also shows that the exposure was due to an open source Drupal web content manager system defect that had never been updated since it was originally installed back in 2003.[45]

---

[41] (Doc. 1836, p. 37)
[42] (Doc. 1840, pp. 160-161)
[43] (Doc. 1845, p. 112)
[44] (Doc. 1834, p. 61-62) This resulted in a major security incident that required the Defendants to relinquish the server to the FBI and the Information Technology (IT) Department of Kennesaw State University (KSU).  KSU IT erased the server data on July 7, 2017 without ensuring that a backup of the election data existed just days after this case was originally filed. (Doc 1878-1) The Court found the Defendants' explanation for the erasure to be "flatly not credible" (Doc. 579)
[45] (Doc. 1848, p. 84; Doc. 1834, p. 147)

14

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

This -- this is truly the most significant cybersecurity incident in Georgia history because it was during a live election. And the evidence shows previous elections were also vulnerable to external worldwide hacking for over a decade.[46]

\* \* \*

A 2020 Coffee County Board of Elections spreadsheet includes communications clearly showing the Dominion voting system machine re-count added 39 votes to presidential election results with no changes in the number of votes cast.[47] It then failed to recognize any votes for another 185 additional ballots that were found and included in the subsequent re-count. Ryan Germany was forced to concede this on cross-examination.[48]

\* \* \*

Perhaps the most profound truthful statement came from Dr. Juan Gilbert. He stated there is no known way to secure a digital ballot image.[49]

In fact, . . .  Dr. Stark's findings in his March 9th, 2020, declaration show that Fulton County certified over 17,000 votes that have no corresponding ballot image at all.[50]

On March 31, 2025, the trial court entered its Order Of Dismissal,

concluding that Plaintiff Davis' presentation of evidence was limited by the relief

being sought by the other Plaintiffs, thereby discarded his evidence without

---

[46] (Doc. 1848, p. 84)
[47] (Doc. 309)
[48] (Doc. 1836, p. 33-36)
[49] (Doc. 1845, p. 79)
[50] (Doc. 1833, p. 166)

15

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

consideration, and that he [therefore] "lack[ed] standing to pursue [his] claims because [he failed to show] an 'invasion of a legally protected interest'.[51]

Prior to, and during the trial, the Court made numerous rulings that substantially restricted Appellant Davis' ability to present his case. Despite numerous good-faith attempts by Mr. Davis during and prior to trial to supplement Plaintiffs' case with additional arguments and evidence that would not significantly impact the trial schedule, the Court repeatedly denied him at trial the ability to produce additional evidence showing cognizable injury that implicates his legally protected interest to ensure his votes are not diluted and counted accurately as cast.

Davis was prejudiced when the court denied his right to employ his original attorney of choice whom he retained for trial. The attorney had represented his organization, VoterGA since its inception in 2006 and was intimately familiar with the issues at trial having similar active cases in progress.[52] The court denied Mr. Davis' original retained attorney of choice despite Defendants having no objections to his choice of counsel.[53] The court's decision, based primarily on

---

[51] (Doc. 1898, p. 23)
[52] (Doc. 1718)
[53] (Doc. 1720)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

speculation and conjecture of a co-plaintiff's attorney, created significant difficulties for Mr. Davis in preparing his case and additional financial burden to hire another attorney suitable to the court.[54]

Davis was further prejudiced when the court denied his narrow request to call two witnesses, who had been deposed during the case and could testify to cognizable injuries that implicate a legally protected interests in ensuring his votes are not diluted and counted accurately.[55]

Appellant Davis' was further prejudiced when the court denied his right to offer designated depositions into the record even though Mr. Davis limited his selections to four witnesses that provided evidence of cognizable injuries implicating legally protected interests in ensuring his votes are not diluted and counted accurately.[56]

Appellant Davis' was further prejudiced when the court prohibited him from calling rebuttal witnesses that could factually contradict testimony presented by the defense.[57]

---

[54] (Doc. 1737)
[55]  (Docs. 1740, 1749)
[56] (Davis Proffer of Evidence, Doc. 1806)
[57] (Davis Third Proffer of Evidence, Doc. 1817)

17

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

Appellant Davis' was further prejudiced when the court denied his right the opportunity to fully cross examine defense witnesses on relevant parts of their testimony which would have led to their impeachment.[58]

The court also denied Mr. Davis's right to fully question Plaintiff experts in regards to key parts of their testimony leading to cognizable injuries suffered by Mr. Davis that implicate a legally protected interest of Mr. Davis.[59]

## ARGUMENT

## SUMMARY OF THE ARGUMENTS

The district court erred in dismissing Appellant's claims for lack of standing. The court wrongly concluded that Davis had not given adequate notice his intention to present evidence of actual injury.[60]  In consequence, the court's decision failed to consider the specific evidence and testimony presented by Davis, which demonstrated concrete and particularized injuries resulting from the use of

---

[58] (Davis Second Proffer of Evidence, Doc. 1841, pp. 64-71)

[59] (Davis Second Proffer of Evidence, Doc. 1841, pp. 64-71)

[60] "Although he retained separate trial counsel, Ricardo Davis did not clearly state in his briefing or trial arguments that he is asserting different injuries from the other Individual CGG Plaintiffs. And his Proposed Findings of Fact and Conclusions of Law do not address the issue of standing. *See* (Doc. 1823). In light of this, and the Court's directive that Davis was not permitted to use his last-minute change in counsel to "inject . . . new narrative[s] for Defendants to defend against" at trial, *see* (Doc. 1749 at 11), the Court does not construe his trial arguments or briefing as asserting separate theories of injury. Thus, for the purposes of the Court's standing analysis, Davis is viewed as asserting the same injuries as the other Individual CGG Plaintiffs."  (Doc. 1869, p. 13 fn 10)

18

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

the Dominion BMD System. The trial court improperly limited its standing

analysis to the relief sought by the other plaintiffs, neglecting the unique harms

demonstrated by the testimony of Davis and other witnesses, and the other

evidence admitted at trial.  Furthermore, the court's dismissal overlooked the

significant constitutional implications of the alleged First and Fourteenth

Amendment violations, which warrant judicial review.

Finally, Appellant was significantly prejudiced when the court abused its

discretion to severely restrict his evidentiary presentation.

I.    Legal Standard for Standing

This Court reviews a district court's grant of summary judgment de novo,

applying the same legal standards used by the district court.  *Wooden v. Bd. of*

*Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1271 (11th Cir. 2001)

As the Trial Court recited, "To establish standing, plaintiffs must

demonstrate three elements: (1) an injury in fact, (2) causation, and (3)

redressability. *F.D.A. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 381

(2024).  The injury must be concrete, particularized, and actual or imminent, not

abstract or speculative. *Id*. A legally cognizable injury involves an invasion of a

legally protected interest." *Id*.

19

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

II.    Inaccurate Election Counts Are A Legally Cognizable Injury Of A
       "Legally Protected Interest".

       Failure to accurately count votes has been recognized as an injury to a

legally protectable interest under federal case law, particularly in the context of

voting rights and election law. The Eleventh Circuit and the Supreme Court have

addressed this issue in various contexts, affirming the fundamental nature of voting

rights and the injury caused by disenfranchisement or vote dilution.

       The Supreme Court has long held that the right to vote encompasses the

right to have one's vote counted accurately. In _Gray v. Sanders_, 372 U.S. 368, 380,

83 S. Ct. 801, 808, 9 L. Ed. 2d 821 (1963), the Court stated that "every voter's vote

is entitled to be counted once. It must be correctly counted and reported" Id. [1].

Similarly, in _Reynolds v. Sims_, 377 U.S. 533, 555, 84 S. Ct. 1362, 1378, 12 L. Ed.

2d 506 (1964), the Court emphasized that the right to vote includes the right to

have votes counted and protected from dilution or alteration, stating that "the right

to have one's vote counted is as open to protection as the right to put a ballot in a

box" Id. 377 U.S. at 554.  These cases establish that the failure to count votes

accurately constitutes a violation of a legally protectable interest.

       The Voting Rights Act (VRA) also protects the right to have votes counted

properly. Section 2 of the VRA prohibits practices that result in the denial or

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

abridgment of the right to vote, including actions that impair the effectiveness of a

vote. In _Allen v. Milligan_, 599 U.S. 1, 143 S. Ct. 1487, 216 L. Ed. 2d 60 (2023),

the Court reaffirmed that the statutory definition of "voting" includes "all action

necessary to make a vote effective," including "having such ballot counted

properly and included in the appropriate totals of votes cast". 52 U.S.C.A. § 10310;

Id. 599 U.S. at 40. This interpretation highlights that the failure to count votes

accurately can constitute a violation of the VRA.

The Eleventh Circuit has consistently emphasized that voting is a

fundamental right under the Constitution. In _Polelle v. Fla. Sec'y of State_, 131

F.4th 1201 (11th Cir. 2025), the court recognized that voters suffer a legally

cognizable injury when their ability to vote or the effectiveness of their vote is

undermined. The court stated, "Voters undoubtedly 'have an interest in their ability

to vote and in their vote being given the same weight as any other'" _Id_. At 1212.

This principle aligns with longstanding precedent that the right to vote is "of the

most fundamental significance under our constitutional structure" _Burdick v._

_Takushi_, 504 U.S. 428, 433 (1992).

The court in _Polelle_ further explained that injuries related to voting are

concrete, particularized, and imminent when a voter alleges that their vote is not

counted or is diluted. The court noted that such injuries are not abstract but are tied

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

to the constitutional protections of the First and Fourteenth Amendments, which

safeguard the right to vote and ensure equal protection under the law.  131 F. 4th at

1209.  See also, *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312 (11th Cir.

2019) (injury due to signature mismatches)

As the Court recognized, accurate vote counting is a recognized right.  And

an injury occurs where that does not happen.

III.    The Trial Court Erred By Summarily Concluding That Davis Had Not
        Articulated A Legally Cognizable Injury.

   a.    The Court erred by ignoring the significant evidence of actual harm to
         his right to an accurate vote count that Davis repeatedly articulated
         and introduced evidence showing that the system was penetrated
         multiple times, and produced flawed results.

The trial court erred by constraining consideration of Davis' evidence to the

relief sought by the other Plaintiffs.  In assessing standing, the trial court examined

the first factor, "injury-in-fact".[61]  While the Court engaged in a substantial

examination of the claims of other plaintiffs, consideration of Davis' arguments

were confined to a single footnote. The trial court summarily concluded that

Ricardo "did not clearly state" he was asserting a basis for different injuries than

---

[61] (Doc. 1869, p.19)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

the other plaintiffs, and were therefore asserting the "same injuries" as other

Plaintiffs.[62]

However, as detailed in the facts above, Davis informed the trial court in

significant detail in his opening about the evidence that he intended to present of

actual injuries caused by the use of the Dominion BMD System.  This evidence fell

within the scope of the issues before the court, as detailed in the pretrial order, and

the court was wrong to exclude it.  The court's consideration of only the *other*

Plaintiff's theoretical injuries restricted the scope of evidence Davis could present

on an issue he had been pursuing for seven years before the same court.  By

improperly limiting its consideration of Davis' claims and severely curtailing his

evidence, the trial court abused its discretion and denied Davis the consideration to

which he was entitled – his fair day in court.

b.  <u>The Evidence Presented by Davis of Concrete Injuries to his Voting
Rights Justifies Standing to Pursue the Claims for Relief</u>.

The trial record discloses that Davis not only advised the court and the

parties of his intention to introduce evidence of concrete injuries caused by

problems in the Dominion BMD System, but he presented significant evidence of

actual anomalies, errors, and miscounts sufficient to justify Standing to bring his

---

[62] (Doc. 1869, p. 13 fn. 10)

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

claims alleging violations of his 1st and 14th Amendment rights.  See Statement of

Facts, *supra*.  Davis presented not only his own firsthand testimony using and

researching the Dominion BMD System, but also firsthand evidence from experts

and the state's own witnesses demonstrating that miscount errors actually occurred

and that the state was often aware of them but did nothing.

By dismissing the case on standing measured by other plaintiffs, the district

court unfairly denied Plaintiff Davis his right to redress for the substantial actual

injuries imposed upon his 1st and 14th Amendments by the state's use of the

Dominion BMD System.

IV.    The Evidence Appellant Was Improperly Forced to Proffer into the
       Record Demonstrates Further Concrete, Cognizable Injuries to his Voting
       Rights Implicating his Legally Protected Interests.

Appellant Davis was entitled to introduce material evidence to support his

case, that had "any tendency to make a fact more or less probable than it would be

without the evidence" and if "the fact is of consequence in determining the action".

Fed. R. Evid. 401, 402.  He was denied the ability to do so.  While the trial court

has broad discretion concerning the admission of evidence, "the Eleventh Circuit

has emphasized repeatedly that courts should use Rule 403 to exclude evidence

only "very sparingly."" *Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267,

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

1274 (S.D. Fla. 2011)  The trial court abused its discretion in its several rulings denying Appellant Davis the ability to examine two witnesses who had already been deposed in the case, to cross examine witnesses, to designate minimal deposition transcripts and to produce and examine rebuttal witnesses.

Instead of allowing direct testimony, the trial court forced Mr. Davis to proffer evidence from witnesses Cathy Latham and Misty Hampton who indicated in deposition that the capability to accept or reject ballots for tabulation was changed by Dominion Voting Systems personnel during the 2021 U.S. Senate runoff without touching the Dominion equipment. (Davis First Proffer Doc. 1806)

The court forced Mr. Davis to proffer evidence of witness Jefrey Lenberg who used his technical expertise to identify the exact setting that Dominion Voting System personnel changed to accept previously rejected ballots for tabulation without touching the Dominion equipment.[63]

The court forced Mr. Davis to proffer evidence of witness Ben Cotton who could explain using his technical expertise how Georgia's Dominion Voting System is set up in many ways to be accessed remotely and how the system was

---

[63] (Davis First Proffer Doc. 1806)

25

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

extensively modified after installation, an activity which would void its certifications.[64]

The court denied Mr. Davis the ability to question adverse witness Frances Watson to further prove that duplicate ballots were counted in the 2020 General Election even though the court agreed that the duplicate ballot issue was within scope of the trial.[65]

The court limited Mr. Davis to only one question of chief investigator Watson thus not allowing him the opportunity to pose additional questions that would have impeached both Ms. Watson and legal counsel Ryan Germany in regards to recount malfunctions incurred by Coffee County in the 2020 General Election.[66]

The court denied Mr. Davis the ability to fully question plaintiff expert witness Dr. Phillip Stark who would have confirmed that Fulton County 2020 General Election ballot images were altered prior to certification thus rendering the tabulated results as unreliable.[67]

---

[64] (Davis First Proffer Doc. 1806)
[65] (Davis First Proffer Doc. 1806)
[66] (Davis First Proffer Doc. 1806)
[67] (Davis First Proffer Doc. 1806)

26

Appeal Number: 25-11320-JJ
Case Style: Donna Curling, et al v. David Worley, et al
District Court Docket No: 1:17-cv-02989-AT

The court denied Mr. Davis the ability to fully question plaintiff expert witness Dr. Alex Halderman who would have confirmed that both the Dominion in-person scanners and mail-in ballot scanners cannot detect duplicated ballots that were counted more than once in the certified 2020 General Election results.[68]

Taken as a whole, the evidence of record, and the proffered evidence would have more than met the concrete and particularized injury standard demanded by Supreme Court and 11th Circuit precedent to support standing. By excluding that evidence, the trial court abused its discretion, and severely prejudiced Appellant Davis' right to bring claims alleging injury to his 1st and 14th Amendment rights from the use of the Dominion BMD System.

## CONCLUSION

For the foregoing reasons, Ricardo Davis respectfully requests that this Court reverse the district court's dismissal and remand the case for further proceedings to address the substantial constitutional issues raised by the use of the Dominion BMD System.

/s/David E Oles

David Edward Oles, Sr.

---

[68] (Davis First Proffer Doc. 1806)

27

Appeal Number: 25-11320-JJ

Case Style: Donna Curling, et al v. David Worley, et al

District Court Docket No: 1:17-cv-02989-AT

## CERTIFICATION OF COMPLIANCE

I certify that this brief complies with the typeface and word volume limitations set forth in FRAP 32(a)(7)(B).  It is prepared in Times New Roman, 14 pt font.  This brief contains  5,922 words as counted by Microsoft Word.

/s/David E Oles
David Edward Oles, Sr.

## CERTIFICATE OF SERVICE

I have electronically filed this APPELLANTS' BRIEF with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully this 9th day of July, 2025.

LAW OFFICE OF DAVID E. OLES

*/s/David E Oles*

DAVID EDWARD OLES, SR.
Attorney for Appellant Ricardo Davis
GA Bar No. 551544

5755 North Point Parkway
Suite 25
Alpharetta, Georgia 30022
Tel: 770-753-9995
firm@deoleslaw.com